IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  | |
|---|---|---|---|
| **TERRELL MICKELS, # 11733-003,** | : | | |
| Plaintiff, | : | | |
| vs. | : | CIVIL ACTION 15-117-KD-C | |
| **JUDGE WILLIAM STEELE,** | : | | |
| Defendant. | : | | |

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding *pro se* and *in forma pauperis*, filed a *Bivens*[1] complaint on a § 1983 complaint form together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B). After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as frivolous, because the defendant is due to be granted absolute judicial immunity.

I. Posture of Action.

Plaintiff's amended complaint (Doc. 4) is before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) due to plaintiff having filed a motion to proceed without prepayment of fees. (Doc. 4). Initially, plaintiff filed a handwritten, self-styled complaint. (Doc. 1). Because the complaint was not on the Court's complaint form and the filing fee was not paid or a motion to proceed without prepayment of fees was not

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971).

filed, plaintiff was ordered to file his complaint on the Court's complaint form and to pay the filing fee or, in lieu thereof, to file a motion to proceed without prepayment of fees. Plaintiff filed the complaint form and a motion to proceed without prepayment of fees. (Docs. 3, 4).

Plaintiff's brief amended complaint on the Court's form apparently was hastily prepared, without much thought given to its preparation. (Doc. 4). Plaintiff crossed out much of the form instead of responding to its questions and left other parts of the form blank. His claim against the sole defendant, United States District Court Judge William H. Steele, is a cryptic statement, "Reason for Constitutional rights connection to John T. Moore." (*Id.* at 5). His supporting facts state: "Motion already sent to court." (*Id.*). He advises that the claim occurred on June 21, 2001 in the "Mobile District Court," (which is the date he was convicted and was sentenced to 188 months). (*Id.* at 5, 6). And he makes no request for relief. (*Id.* at 7).

Needless to say, plaintiff's claim in his amended complaint is not clear and does not convey a cogent thought. Plaintiff was warned, in the order requiring him to file an amended complaint, that his amended complaint would supersede his original and that he should not rely on his original complaint. (Doc. 2). However, in an attempt to understand the amended complaint, the Court reviewed the original complaint, which advises that the present action was filed in connection with Civil Action 14-0086-WS-N. (*Id.* at 1). Plaintiff further alleged that John T. Moore, a government official who was sworn to uphold the Constitution, "committed the act of perjury, fraud, and malice; which Judge William Steele conspired with the Agent by signature to fu[r]ther keep [him] incarcerated rejecting all argument[s] . . . although Defendant had merit in 2255 and 3582(c)(2) modification appeals and in Disposition, PSI, and sentencing hearing on

6, 2, 2011." (*Id.*). Plaintiff maintained that he "is still incarcerated under falsified documentation and false imprisonment." (*Id.*). For relief, plaintiff sought "a trillion dollars and for [his] sentence to be vacated." (*Id.* at 2).

Even though the original complaint somewhat illuminates plaintiff's reason for filing this action, the Court still does not comprehend a plausible claim in the original or amended complaint or the reason the plaintiff did not respond to the complaint form's questions.  Plaintiff crossed out the questions inquiring into whether he had filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action and relating to his imprisonment. (Doc. 3 at 3).  Plaintiff then signed his amended complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 7).  However, plaintiff previously filed other actions: *Mickels v. Moore*, CA No. 14-86-WS-N (S.D. Ala. Aug. 19, 2014) (dismissed as frivolous and for failure to state a claim),[2] *appeal* (11th Cir. Mar. 2, 2015) (dismissed as frivolous); *Mickles v. USA, Moore, et al.*, CA 5:14-00497-TS-MLH (W.D. La. May 13, 2014) (complaint stricken for failure to obey the court's order and to prosecute); and *Mickels v. USA*, CA No. 14-357-WS-B (S.D. Ala. June 29, 2015) (§ 2255 dismissed as time-barred).  Then, subsequent to filing the present action, plaintiff filed *Mickels v. Overstreet*, CA No. 15-173-WS-M (S.D. Ala. Sept. 1, 2015) (dismissed for failure to prosecute and to obey the Court's order), in which he complains about the defendant Overstreet conspiring with agent Moore.

Because Moore's name recurs in several of plaintiff's actions, the Court examined

---

[2] Plaintiff mentioned this action in the original complaint.  No details were provided, nor was the disposition provided.

its records to identify him.[3]  In *Mickels v. Moore*, Civil Action No. 14-86-WS-N, Moore is the sole defendant and is identified as an agent with the F.B.I.  He was involved in plaintiff's arrest and prosecution, and allegedly made false statements so Judge Steele would sentence plaintiff above the mandatory minimum.  (Doc. 13 at 4).

In *Mickels v. Moore*, plaintiff's criminal history is recounted in the report and recommendation.  (*Id.* at 2).  Plaintiff pled guilty on October 26, 2010 to possession with intent to distribute crack cocaine and received a custody sentence of 188 months.  (*Id.*).  No direct appeal was taken.  (*Id.*).  Then, plaintiff filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c)(2), which was denied on October 7, 2013.  (*Id.* at 3).  He appealed this denial to the Eleventh Circuit Court of Appeals, which, in turn, dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed.  (*Id.*).  On July 28, 2014, plaintiff filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (*Id.*).  Subsequent to the entry of a report and recommendation, the Court denied plaintiff's § 2255 motion, which the Eleventh Circuit affirmed.  (*Mickels v. USA*, Civil Action No. 14-357-WS-B (Docs. 153, 155)).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing this action under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[4]  A claim is

---

[3] The Court takes judicial notice of its records.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

[4] *Neitzke's* interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d

701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

Even though this action is denominated as a § 1983 action, it is a *Bivens* action because a federal official is being sued.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971) (creating a remedy for a person injured through a violation of his constitutional rights by a person acting under color of federal law).  "The effect of *Bivens* was . . . to create a remedy . . . analogous to the section 1983 action."  *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).  "Thus, courts generally apply § 1983 law to *Bivens* cases."  *Id.*

In addition, "the immunities provided federal officials in *Bivens* actions are coextensive with those provided state officials in § 1983 actions."  *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000); *see Abella*, 63 F.3d at 1065 (observing that pursuant to *Butz v. Economou*, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978), a federal official enjoys the same immunity in a *Bivens* action that a similar state official has for an identical violation under § 1983); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir. 1986) (finding that federal district and circuit judges were entitled to absolute judicial immunity); *Patterson v. Aiken*, 628 F. Supp. 1068, 1071 (N.D. Ga.) (granting federal judges absolute judicial immunity in a *Bivens* action), *aff'd*, 784 F.2d 403 (11th Cir. 1986); *Page v. Grady*, 788 F. Supp. 1207, 1208 (N.D. Ga. 1992) (granting a federal district judge

absolute immunity for signing a seizure warrant and for conducting a trial on drug distribution charges).

In a *Bivens* action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104. And a federal judge's absolute immunity includes immunity from claims for injunctive relief. *Bolin*, 225 F.3d at 1242.

In the present action, the sole defendant is Judge Steele, the Chief Judge for the United States District Court for the Southern District of Alabama. In the amended complaint, no claim has been pled against Judge Steele. However, in the original complaint, the claim against Judge Steele is he rejected all of plaintiff's arguments with respect to plaintiff's § 2255 motion, § 3582(c)(2) motion, and "disposition, PSI, and sentencing hearing on" June 2, 2011. (Doc. 1 at 1). Plaintiff briefly alleges that agent Moore "committed the act of perjury, fraud, and malice [in] which Judge Steele conspired . . . by [his] signature to keep [plaintiff] incarcerated[.]" (*Id.*). For these alleged wrongs, plaintiff seeks a trillion dollars and the vacation of his sentence.

It is clear that plaintiff's contact with Judge Steele was in his judicial capacity. Plaintiff's claims against Judge Steele are based on his rulings in and handling of plaintiff's criminal case. Issuing rulings and managing a case are typical judicial functions for a judge to perform. Thus, the first portion of the *Stump* immunity test, which requires that the judge be acting in his judicial capacity, is satisfied. *Simmons*, 86

F.3d at 1085.

The second part of the *Stump* test inquires into whether Judge Steele acted in the "'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 357, 98 S.Ct. at 1105). There are no allegations stating Judge Steele acted "in complete absence of all jurisdiction." Inasmuch as "[t]he judicial power [of the United States] shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and treaties[,]" U.S. Const. art. III, § 2, Judge Steele was acting within his jurisdiction when he received plaintiff's guilty plea, ruled on the presentence report, imposed sentence, and ruled on post-conviction sentencing motions. Even though plaintiff contends that error was committed in Judge Steele's rulings, an error by a judge in a ruling or in the handling of a case does not divest a judge of jurisdiction over an action before him. *See Stump*, 435 U.S. at 363-64, 98 S.Ct. at 1108-09 (holding that judicial immunity extends to judicial acts that may contain error). Because both prongs of the *Stump* test are satisfied, Judge Steele is entitled to absolute judicial immunity from plaintiff's damages claims. *See Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980) (conspiracy allegations do not divest a judge of immunity); *Dykes v. Hosemann,* 743 F.2d 1488, 1493 (11th Cir. 1984) (same).

In addition to the request for damages in the original complaint, plaintiff also requested to have his sentence vacated. (Doc. 1 at 1). This is a request for injunctive relief. A federal district judge, however, is absolutely immune from a request for injunctive relief. *Bolin*, 225 F.3d at 1241-42. Thus, Judge Steele is absolutely immune from plaintiff's injunctive relief request.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as frivolous, because the defendant is due to be granted absolute judicial immunity.[5]

---

[5] The Court is foregoing a discussion of the other grounds that may be considered for dismissing this action. One ground is that it is malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff misrepresented his prior litigation history on a complaint form requiring disclosure of such history and signed the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying on *Rivera*, the Eleventh Circuit affirmed the district court "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).
   Another ground is the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The *Heck* Court ruled:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87, 114 S.Ct. at 2372-73; *see Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (applying the *Heck* decision to a *Bivens* action). In the present action, plaintiff did not demonstrate that his criminal conviction or sentence has been invalidated. Moreover, the *Abella* court held that "injunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in a § 1983 or *Bivens* action[,]" as they are in the nature of habeas claims. *Id*. at 1066 n.4.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 4th day of March, 2016.

**s/ WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**
